## CASSIDY–SOUTHWESTERN COMMISSION CO. et al. v. GUARANTY TRUST CO. OF NEW YORK.

### No. 14553.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 1, 1943.

L. J. Wardlaw, of Fort Worth, for appellant.

Bryan, Stone, Wade & Agerton and B. G. Mansell, all of Fort Worth, for appellee.

BROWN, Justice.

R. R. Russell, now deceased, owned 150 shares of the capital stock of appellant Cassidy-Southwestern Commission Company, a private corporation, and, being indebted to said corporation in the sum of $25,000, executed to it his promissory note in said sum, and at the same time delivered to said company as collateral security for such debt, three certificates of capital stock in said company covering the 150 shares so owned by Russell.

Said Commission Company, being indebted to National Bank of Commerce, in New York, in an amount greater than $25,000, duly endorsed and transferred said note and the three stock certificates to said bank.

The above mentioned note was renewed from time to time by Russell, who died in the year 1923, leaving a will in which he appointed T. P. Russell and O. H. Judkins

as independent executors, who duly qualified as such after the will was admitted to probate.

The claim of National Bank of Commerce against the estate of Russell, deceased, was promptly filed and was allowed September 13, 1923.

On or about October 21, 1926, said Commission Company, being indebted to said bank in an amount far in excess of $25,000, entered into an agreement in writing whereby the said $25,000 note was applied as a credit of such principal sum on the indebtedness owing by the Commission Company to said bank.

In the year 1926, the capital stock of said Commission Company was reduced to $100,000 and new certificates of $20 par value were issued in lieu of the old ones; and one Spencer, attorney for the Russell Estate, late in December, 1926, wrote the above named bank, advising it to send in the old stock certificates to the end that new certificates might be issued and returned to the bank.

In January, 1927, the Commission Company issued two new certificates of stock to the estate of R. R. Russell, to take the place of the said old ones—one for 100 shares and the other for 50 shares—and promptly sent same by mail to said bank.

During said month of January, 1927, Judkins, one of the independent executors of the Russell Estate, executed and delivered to the said bank a power of attorney and transfer and assignment of these new stock certificates, in satisfaction of all indebtedness owed by R. R. Russell to said bank.

Thereafter, Guaranty Trust Company, appellee here and plaintiff below, became owner of assets of said bank, including the Russell note and the stock securing its payment.

The said Trust Company brought suit in 1938 against said Commission Company and the two said executors of the Russell Estate, alleging the above enumerated facts and the further fact that certain dividends had been declared by the Commission Company and appropriated by it, and sought to recover judgment for the capital stock and a mandatory order requiring the Commission Company to re-issue the stock in its name, or to its nominee, and for all dividends theretofore declared by the Commission Company and not paid to the said plaintiff, with statutory interest.

The alternative counts found in the petition will not be noticed by us for obvious reasons.

The trial court rendered judgment for the plaintiff, finding that it is the owner of the said 150 shares of capital stock and requiring said Commission Company to transfer said stock to plaintiff and re-issue to it new certificates. Likewise, judgment was rendered for plaintiff against said Commission Company in the sum of $1,634.28, to cover the dividends on such stock and legal interest on same.

No money judgment was rendered against the said executors.

The Commission Company has appealed and presents only one point and assignment of error, namely, that the trial court erred in refusing to sustain the plea of limitation of two years urged by the Commission Company as against the plaintiff's right to recover the dividends declared by said Company on January 2, 1934, January 2, 1936, January 2, 1940, and January 1, 1941.

Appellant cites and relies upon Cavitt v. Amsler et al., Tex.Civ.App., 242 S.W. 246, to sustain his point of error, but that case is not an authority governing such a situation as is before us. A reading of the opinion of the Court of Civil Appeals will readily disclose the lack of similarity in the two situations confronting the Courts.

In the instant suit, we find the corporation defendant fully aware of the fact of the ownership by the bank of the Russell note and the shares of its capital stock that were transferred and assigned to secure its payment. In fact, the Commission Company agreed in writing that its indebtedness to the bank be credited with the face value of the note, and the ownership thereof, together with that of the capital stock certificates securing same, was not only duly recognized by the Commission Company, but all title thereto specifically vested in the bank.

It was not a necessary prerequisite to ownership of the capital stock and all rights incident thereto that the old certificates be surrendered and new ones issued to the bank.

The Commission Company knew at all times pertinent to the issue before us that the bank was in truth and in fact its stockholder and, as such, it must be held to have been a trustee holding all declared dividends for its cestui que trust.

496

There is no contention here that the Commission Company has paid all such dividends to some third person; the record here discloses that the Commission Company simply holds all such dividends.

■ It seems to be the rule in Texas that until and unless the stockholder demands his dividends and payment is refused, or until the company declaring the dividends expressly repudiates its obligation to pay same to its stockholder, the statute of limitations does not begin to run.

■ It is not contended that the bank had any notice of any claim or contention whatsoever, on the part of the Commission Company, before May 15, 1936; and that claim seems to be reflected in the letter of June 26, 1936, wherein said company wrote the bank that it was under the impression that it had made its position clear in its letter of May 15th; and the position was then outlined in the statement that the bank stock was transmitted under the collateral note at a time when such stock was subject to the by-laws of the company and that such by-laws specifically provide that the company's stock shall be transferred only on the company's books, and that it shall have a preference lien on such stock for any indebtedness owed by the stockholder to the company. That the instruments purporting to convey the stock served only to convey such equity as Russell had therein, and that Russell owed the company $14,403.

If we understand the contention of the Commission Company, at such time, it was that it simply claimed to have a preference lien as against Russell's stock to secure the indebtedness that Russell owed it, and that such lien is superior to the rights of the bank.

We find no refusal on the part of the Commission Company to recognize the bank as an owner of its capital stock, and we find no reference to any dividends or the refusal to pay same.

We are of opinion that the rules laid down by Chief Justice Phillips in Yeaman et al. v. Galveston City Co. et al., 106 Tex. 389, 167 S.W. 710, Ann.Cas.1917E, 191, govern the instant case.

It is apparent that the statute of limitation of two years, being Article 5526, Vernon's Texas Civil Statutes, is not applicable in the case before us, and that is the only point presented.

We find no contention on the part of the Commission Company raising an issue as to any preference lien on Russell's stock.

The judgment is affirmed.