**UNITED STEEL INDUSTRIES, INC., et al.,**
**Appellants,**

**v.**

**McAndrew MANHART et al., Appellees.**

**No. 4516.**

Court of Civil Appeals of Texas.

Waco.

June 30, 1966.

Rehearing Denied July 21, 1966.

W. R. Griffitts, Harvey L. Davis, Dallas, for appellants.

Sanders & Nolen, William Andress, Jr., Dallas, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendants, United Steel Industries, Inc., J. R. Hurt and W. B. Griffitts, from a judgment declaring

void and cancelling 5000 shares of stock in United Steel Industries, Inc. issued to Hurt, and 4000 shares of stock in such corporation issued to Griffitts.

Plaintiffs Manhart filed this suit individually and as major stockholders against defendants United Steel Industries, Inc., Hurt, and Griffitts, alleging the corporation had issued Hurt 5000 shares of its stock in consideration of Hurt agreeing to perform CPA and bookkeeping services for the corporation for one year in the future; and had issued Griffitts 4000 shares of its stock in consideration for the promised conveyance of a 5 acre tract of land to the Corporation, which land was never conveyed to the Corporation. Plaintiffs assert the 9000 shares of stock were issued in violation of Article 2.16 Business Corporation Act, V.A.T.S. and prayed that such stock be declared void and cancelled.

Trial was before the Court without a jury which, after hearing, entered judgment declaring the 5000 shares of stock issued to Hurt, and the 4000 shares issued to Griffitts, issued without valid consideration, void, and decreeing such stock cancelled.

Defendants appeal on 11 points, contending:

1) The trial court erred in holding the 5000 shares of stock issued to Hurt; and the 4000 shares issued to Griffitts invalid because the uncontradicted evidence shows each contributed valid consideration in the form of work done for the Corporation prior to the time the stock was issued to him, and the judgment of the directors of the Corporation to this effect is conclusive in the absence of fraud.

2) There is no evidence, or insufficient evidence, that the 5000 shares issued Hurt, and the 4000 shares issued Griffitts were issued without valid consideration.

The trial court found (on ample evidence) that the incorporators of the Corporation made an agreement with Hurt to issue him 5000 shares in consideration of Hurt's agreement to perform bookkeeping and accounting services for the Corporation for the first year of its operation. The Corporation minutes reflect the 5000 shares issued to Hurt "in consideration of labor done, services in the incorporation and organization of the Corporation." The trial court found (on ample evidence) that such minutes do not reflect the true consideration agreed upon, and that Hurt performed no services for the Corporation prior to February 1, 1965. The Articles of Incorporation were filed on January 28, 1965, and the 5000 shares were issued to Hurt on May 29, 1965. There is evidence that Hurt performed some services for the Corporation between January and May 29, 1965; but Hurt himself testified the "5000 (shares) were issued to me for services rendered or to be rendered for the first year in keeping the books * * *."

The situation is thus one where the stock was issued to Hurt both for services already performed and for services to be rendered in the future.

The trial court concluded the promise of future services was not a valid consideration for the issuance of stock under Article 2.16 Business Corporation Act; that the issuance was void; and that since there was no apportionment of the value of future services from the value of services already rendered, the entire 5000 shares were illegally issued and void.

Article 12, Section 6, Texas Constitution, Vernon's Ann.St. provides: "No corporation shall issue stock * * * except for money paid, labor done, or property actually received * * *." And Article 2.16 Texas Business Corporation Act provides: "Payment for Shares.

"A. The consideration paid for the issuance of shares shall consist of money paid, labor done, or property actually received. Shares may not be issued until the full amount of the consideration, fixed as provided by law, has been paid. * * *

"B. Neither promissory notes nor the promise of future services shall constitute payment or part payment for shares of a corporation.

"C. In the absence of fraud in the transaction, the judgment of the board of directors * * * as to the value of the consideration received for shares shall be conclusive."

 The Fifth Circuit in Champion v. CIR, 303 F.2d 887 construing the foregoing constitutional provision and Article 2.16 of the Business Corporation Act, held:

"Where it is provided that stock can be issued for labor done, as in Texas * *, the requirement is not met where the consideration for the stock is work or services to be performed in the future. * * The situation is not changed by reason of the provision that the stock was to be given * * * for services rendered as well as to be rendered since there was no allocation or apportionment of stock between services performed and services to be performed."

The 5000 shares were issued before the future services were rendered. Such stock was illegally issued and void.

Griffitts was issued 10,000 shares partly in consideration for legal services to the Corporation and partly in exchange for the 5 acres of land. The stock was valued at $1 per share and the land had an agreed value of $4000. The trial court found (upon ample evidence) that the 4000 shares of stock issued to Griffitts was in consideration of his promise to convey the land to the Corporation; that Griffitts never conveyed the land; and the issuance of the stock was illegal and void.

 The judgment of the board of directors "as to the value of consideration received for shares" is conclusive, but such does not authorize the board to issue shares contrary to the Constitution, for services

to be performed in the future (as in the case of Hurt), or for property not received (as in the case of Griffitts).

The judgment is correct. Defendants' points and contentions are overruled.

Affirmed.