Sherman IRWIN, Appellant,

v.

**PRESTRESSED STRUCTURES, INC.,**
et al., Appellees.

No. 7920.

Court of Civil Appeals of Texas.

Amarillo.

May 5, 1969.

Rehearing Denied June 2, 1969.

Vickers, Garner & Walters, Lubbock, for appellant; James A. Walters, Lubbock, of counsel.

Jim Kimmel, Lubbock, for appellees; Evans, Pharr, Trout & Jones, Wm. H. Evans, Lubbock, of counsel.

JOY, Justice.

Summary judgment for defendants appealed by plaintiff.

Plaintiff brought suit against Prestressed Structures and its officers and shareholders, J. B. White, President and Director, Ralph Cocanougher, Vice President and Director, Lofflin Irwin, former Secretary-Treasurer and Director and John A. (Jack) Flygare as agent-trustee for an undisclosed purchaser of stock in Prestressed, contending that in July, 1958, Lofflin Irwin, a brother of plaintiff, hired him as plant superintendent at a salary of $600.00 per month and further agreed to give him 12½% of the stock of Prestressed as a part of the oral employment agreement. Plaintiff contends the $600.00 monthly salary was a "reduced" salary for the job or position. Plaintiff made demand on the defendants for the issuance of the stock the latter part of 1966, some seven years after the alleged employment agreement. Plaintiff testified by affidavit and deposition that no certain time for issuance of the claimed stock was agreed upon, and further that he had no discussion regarding the claimed stock with anyone in the company prior to December, 1966, except his brother, Lofflin Irwin. Plaintiff in his pleadings alleged that the officer—defendants all occupied a place of trust and confidence to plaintiff; that

plaintiff was led to believe that he would receive his stock by the actions of the officer—defendants through their having introduced him to various persons, customers and the general public at large as an "owner" of the business on various occasions. White, Cocanougher and Flygare as agent—trustees filed motions for summary judgment and, upon hearing had, the motions were granted by the trial court. Lofflin Irwin, defendant—brother of the appellant, was dismissed without prejudice prior to presentation in this court.

In this matter we are required to accept as true all evidence tending to support the appellant's contentions, along with the indulgence of every reasonable inference to be drawn in appellant's favor. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952). We think the record presents material fact issues that should be resolved upon a trial on the merits.

■ Appellant's affidavit points out that he accepted the job at a salary less than that which the responsibility of the position called for upon the promise that he would also be issued 12½% of the total stock of the corporation. This agreement was made with appellant's brother, Lofflin Irwin, who at that time was secretary-treasurer and one of a total of three stockholders of the company. Lofflin Irwin also by affidavit contended that the other officers and directors were notified by him of the agreement with appellant shortly after the agreement was entered into, and further that they agreed to the terms of the hiring. Further, there is evidence to the effect that the officers and directors treated appellant as an owner of the business, consulting with him on major business decisions and introducing him to others as being an owner of the business.

■ Appellees contend that Art. 2.15 of the Texas Business Corporation Act, V.A.T.S. requires that the board of directors of the company set the consideration for any stock to be issued. It is appellant's contention that the board of directors did

agree to the consideration of his hiring, although no formal action of the board was had. Art. 2.15 does prescribe certain rules for issuing corporate stock. Whether or not the board of directors took formal action would not be determinative of appellant's right to recover damages for their failure to so act, or appellant's right to maintain suit for stock that might be due him. We are not called upon to determine the weight of the evidence, but only to determine whether or not a genuine issue of fact exists upon a material matter. Gulbenkian v. Penn, supra. Art. 2.16(A) of the Business Corporation Act provides in part: " * * * Shares may not be issued until the full amount of the consideration, fixed as provided by law, has been paid. * * *" Section (B) provides: "Neither promissory notes nor the promise of future services shall constitute payment or part payment for shares of a corporation." As we interpret the statute, there is no prohibition against the rendering of services or labor for stock, but merely a prohibition against the *issuance* of the stock prior to the services or labor actually having been performed, or the stock fully paid for. Appellees cite United Steel Industries, Inc. v. Manhart, 405 S.W.2d 231 (C.A.) n. r. e. In that case stock had been issued for services partly performed and partly to be performed, however no apportionment was made. The facts of that case are not sufficiently analogous to control the situation as presented herein.

The employment agreement was apparently for an indefinite period of time, therefore, the statute of frauds requiring contracts not to be performed within a year to be in writing is inapplicable. Bratcher v. Dozier, 162 Tex. 319, 346 S. W.2d 795.

Appellees further contend that the statute of limitations applies and appellant is barred in his action. Appellant contends that appellees are estopped to plead limitations as a bar to the suit. It is well established that parties may by their conduct or words estop themselves from pleading limitations. See 53 C.J.S. Limitations of Actions § 24, 958 and 37 T.J.2d Sec. 155, P. 329. It is also the duty of one claiming the suspension of the statute of limitations to have exercised due care. Neal v. Pickett (Tex.Com.App.) 280 S.W. 748 (opinion adopted). However, when these matters have been raised these are issues to be determined by the trier of the facts. We find after reviewing the pleadings, affidavits and depositions as we are required to do that there are genuine issues of fact presented, and in order that the substantive rights of the parties not be abrogated, a trial upon the merits should be had. We do not find it necessary to take up the other points.

Reversed and remanded.