Sherman IRWIN, Appellant,

v.

PRESTRESSED STRUCTURES, INC.,
Appellee.

No. 4484.

Court of Civil Appeals of Texas,
Eastland.

Sept. 17, 1971.

Rehearing Denied Oct. 8, 1971.

the Corporation, "which shares were to be under the above referred to agreement of as equivalent value of twelve and one-half per cent (12½%) of the total assets owned by the Corporation".

All the defendants except appellant's brother, Lofflin Irwin, contended that no such employment contract existed. The Corporation pleaded that such employment contract was never discussed, approved or adopted by the Board of Directors.

The court rendered a summary judgment for the defendants in the first trial, which was reversed and remanded, 442 S.W.2d 406 (writ ref. n. r. e. 1969), holding that issues of fact existed as to whether appellees were estopped to plead limitations.

Garner & Walters, James A. Walters, Lubbock, for appellant.

Evans, Pharr, Trout & Jones, Charles B. Jones, Jim Kimmel, Nelson, McCleskey, Harriger & Brazill, George W. McCleskey, Lubbock, for appellee.

WALTER, Justice.

Sherman Irwin filed suit against Prestressed Structures, Inc., hereinafter referred to as Corporation, J. B. White, Ralph Coconaugher, Lofflin Irwin and John A. Flygare on an oral employment contract. The jury answered the limitations and the estoppel issues in favor of the defendants. From a take nothing judgment, Sherman Irwin has appealed only as to the Corporation.

Appellant contends that on or about July, 1959, his brother, Lofflin Irwin, who was acting as an officer of the Corporation, entered into an oral agreement with him to serve as plant manager and general supervisor of the plant operations for the Corporation. He contends that by the terms of the agreement he was to accept a reduced salary of $600 per month. In addition to the monthly salary, he contends that he was to receive shares of stock in

Appellant pleaded that his employment contract was made on or about July, 1959. In answer to Special Issue No. 1, the jury found that Lofflin Irwin represented to the appellant in July 1959, that if appellant would go to work for the Corporation he would receive in addition to his salary twelve and one-half per cent (12½%) of the stock in the Corporation. In answer to Special Issue No. 4, the jury found that under the employment agreement appellant did have the right to receive such stock within the period of one year from the date of the employment agreement. Appellant's cause of action for the stock accrued in July, 1960, and his original petition shows to have been filed April 7, 1967. We hold that appellant's cause of action was barred by the statute of limitations.

The appellant pleaded that appellees were estopped from pleading limitations. In Irwin v. Prestressed Structures, Inc., Tex.Civ.App., 442 S.W.2d 406 (writ ref. n. r. e.) in the first reported opinion of this case, the court said:

"It is also the duty of one claiming the suspension of the statute of limitations to have exercised due care. Neal v. Pickett (Tex.Com.App.) 280 S.W. 748 (opinion adopted.)"

Special Issues No. 12 and No. 13 and the jury's answers thereto are as follows:

## "SPECIAL ISSUE NO. 12

Do you find from a preponderance of the evidence that Plaintiff, Sherman Irwin, under the circumstances then and there existing, did not fail to use reasonable and due care and diligence in determining that Defendants, Ralph Cocanougher and J. B. White, were not willing to issue to him, 12½% of the total stock of Prestressed Structures, Inc., pursuant to the oral representation inquired about in Special Issue No. 1?

ANSWER: 'He did not fail to use reasonable diligence' or 'He did fail to use reasonable diligence', as you may so find.

ANSWER: 'He did fail to use reasonable diligence.'

## SPECIAL ISSUE NO. 13

Do you find from a preponderance of the evidence that Sherman Irwin discussed with J. B. White or Ralph Cocanougher the issuance of stock in the corporation to Sherman Irwin prior to December 1966?

ANSWER: 'He did discuss' or 'He did not discuss'.

ANSWER: 'He did not discuss' "

We find no merit in appellant's contentions that there is no evidence to support the answer to Issue #12, and that it is an immaterial issue and that it is in conflict with Issue #9. Appellant had the burden of establishing estoppel against appellee from asserting the statute of limitations. It was incumbent upon him to secure a favorable finding on this issue. The record does not support appellant's position that the evidence conclusively establishes that "he did not fail to use reasonable diligence".

■ The jury found in answer to Issue #9 that appellant in good faith believed at all times up until 1966 that he was to receive corporate stock in the corporation. He contends this answer is in fatal conflict with the answer to Issue #12 quoted above. Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985 (Supreme Court 1949) and Bradford v. Arhelger, 161 Tex. 427, 340 S.W.2d 772 (1960) and cases therein cited set forth the proper rules to be followed in deciding fatal conflict points. It is true that Bradford qualified the rule set forth in Little Rock but the qualification is not important here. We have concluded that such issues are not in fatal conflict.

■ In Neal v. Pickett, 280 S.W. 748 (Com.App.1926) the Court said:

"We seriously doubt the sufficiency of the averments, or of the proof, to present an issue of estoppel even in favor of Mrs. Pickett and Jonathan Pickett, for one claiming suspended operation of the statutes of limitation, or estoppel against their apparent effect, must have not ignored the requirements of due care and blindly relied upon a situation as being what it seemed rather than as being what it in reality was."

We find the appellant has not discharged his burden of establishing that appellee was estopped to plead the statute of limitations.

■ We have considered the entire record and find that the answer to Issue #12 is not against the preponderance of the evidence.

■ Appellant contends that he was trying to enforce an oral agreement for a "share of the business" and the agreement called for a "continuing performance" and therefore limitations did not begin to run until demand was made. We overrule these contentions. The record is not clear as to the exact time when appellant claims he was entitled to the stock. At any rate if he is correct in his position that limitations did not begin to run until he made a

demand for his share in the business, then such demand would have to be made within a reasonable time. Ordinarily a time coincidental with the running of the statute of limitations will be deemed reasonable. Under these circumstances his claim for a share in the business would be barred by the statute. Aetna Casualty & Surety Company v. State, 86 S.W.2d 826, (CCA 1935, writ dism.)

■ Appellant did not secure findings from the jury as to the value of his services for the period of time that was not barred by the statute of limitations and the court did not err in failing to render judgment for him under his alternate theory of recovery. Salmon v. Salmon, 406 S.W.2d 949 (CCA 1966, ref. n. r. e.).

■ The court did not err in refusing appellant's requested issues inquiring if a confidential relationship existed between appellant and his brother and J. B. White and Ralph Coconaugher. Thigpen v. Locke, 363 S.W.2d 247 (Supreme Ct.1962).

We have considered all of appellant's points and find no merit in them. They are overruled. The judgment is affirmed.