**CUMMINS AND WALKER OIL COMPANY, INC.,**
**Appellant,**

v.

**Robert L. SMITH, et al., Appellees.**

**No. 04–90–00244–CV.**

Court of Appeals of Texas,
San Antonio.

Aug. 28, 1991.

Rehearing Denied Sept. 24, 1991.

Tim Tynan, Thurmond & Thurman, San Antonio, for appellant.

A. Michael Ferrill, Kevin M. Beiter, Cox & Smith, Inc., San Antonio, for appellees.

Before REEVES, C.J., and CHAPA and CARR, JJ.

## OPINION

REEVES, Chief Justice.

This appeal arises out of a suit for specific performance of certain letter agreements, declaratory relief, and an accounting. Plaintiffs, appellees, claimed that Cummins & Walker Oil Co., Inc., appellants, breached certain letter agreements between the parties in which Cummins & Walker promised to assign to each of the plaintiffs an after payout working interest. Cummins & Walker interposed limitations, and counterclaimed for a declaratory judgment and attorney's fees.

Cummins & Walker's only defense was an alleged limitations bar. The case was submitted to the District court on agreed facts. The court overruled the plea of limitations and rendered judgment for the plaintiffs on their claims for declaratory relief and specific performance, together with recovery of proceeds from the past sales of oil and gas production, interest, attorney's fees and costs.

In 1981 and 1982, Cummins & Walker promoted an oil and gas prospect in Acadia Parish, Louisiana. The drilling was financed by selling working interests to various investors. A one percent overriding royalty interest was reserved by Cummins & Walker until payout occurred. At that time Cummins & Walker would assign its royalty interest to the investors and they in turn would assign a twenty percent working interest to Cummins & Walker. The agreements between Cummins & Walker and these investors are known as the Underlying Letter Agreements.

In January of 1982, the company delivered a second set of letter agreements to six employees which stated that their compensation would include a portion of the "after payout working interest retained by Cummins & Walker". The letters further stated that "The assignment of such interest will be made whenever requested". These agreements are known as the Plaintiffs' Letter Agreements.

In early 1982 a well subject to the Underlying Letter Agreements was completed as a producing well. The well reached payout in March, 1989. In May of that same year, Cummins & Walker notified plaintiffs that they would not receive the assignments, because the company was financially unable to make payment. Plaintiffs then made a written demand. Shortly thereafter, Cummins & Walker advised plaintiffs that no assignment would be made because the demand for payment was untimely.[1] Suit was filed in November, 1989.

■ The parties agreed to the statement of facts pursuant to TEX.R.CIV.P. 263. All facts necessary to the presentation and adjudication of the case are conclusively presumed to have been brought before the court. Accordingly, we will not draw any inference or find any facts not embraced in the agreement. *Members Mutual Ins. Co. v. Cutaia*, 460 S.W.2d 493, 496 (Tex.Civ. App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.).

■ We are presented with the central issue of when does a cause of action accrue. Cummins–Walker challenges the ruling of the trial court on the basis that the plaintiffs' suits were barred by the statute of limitations. TEX.CIV.PRAC. & REM. CODE § 16.004 provides [in pertinent part]:

(a) a person must bring suit on the following actions not later than four years after the day the cause of action accrues:

(1) specific performance of a contract for the conveyance of real property; ...

In the instant case, Cummins & Walker contend that plaintiffs' cause of action for specific performance and declaratory relief began to accrue on January 5, 1982, the date the agreement was executed. It is asserted that the interests promised to the Plaintiffs were present, existing and assignable at the time the parties entered into the Letter Agreements. Therefore, Cummins & Walker argue that the obligation to assign began on January 5, 1982, the date of the agreement and the plaintiffs' cause of action for specific performance and declaratory relief began to accrue on that same date. The suit was filed more than four years after the date of the agreement, thus appellant contends it is barred by the statute of limitations. TEX.CIV. PRAC. & REM.CODE § 16.004.

In the alternative, appellant asserts that if the plaintiffs' Letter Agreements could be interpreted such that assignment of the plaintiff's interests was conditioned upon demand, the plaintiffs failed to make demand within a reasonable time. Absent stipulations to the contrary, a reasonable time is deemed to be coequal with the period of limitations, four years. *Clements v. Lee*, 8 Tex. 374, 375–76 (1852). Therefore, the suit is barred.

■ We hold that enforcement of the rights under the Plaintiffs' Letter Agreements is not barred by the statute of limitations for two reasons. First, the Underlying Letter Agreements provide that Cummins & Walker would not receive the working interest until after payout had occurred. Cummins & Walker did not have the ability to perform until after payout. Thus, the cause of action could not accrue until such time that demand was made, performance was possible, and Cummins & Walker failed or refused to perform. Where a condition precedent to a right of action exists, the cause of action does not accrue and the statute of limitations does not begin to operate until the condition is performed. *Washington v. Martin*, 503

---

**1.** Previously, Cummins & Walker and each of the plaintiffs' have entered into similar agreements. In each instance payment was made upon request, even in a circumstance where demand was made more than four years after the date of the agreements and plaintiffs' request.

S.W.2d 330, 332 (Tex.Civ.App.—Amarillo 1973, no writ); *see Miteff v. Guardian Title Co.,* 612 S.W.2d 693, 697–98 (Tex. App.—Fort Worth 1981, no writ). The right or cause of action requires both the existence of the right and facts sufficient to constitute a cause of action. *Condor Petroleum Co. v. Greene,* 164 S.W.2d 713, 717 (Tex.Civ.App.—Eastland 1942, ref'd w.o.m.). Failure and/or refusal to perform did not occur until March–June 1989, thus the claim was timely.

■ Secondly, it was not reasonable to expect that plaintiffs would not wait until the well reached payout before requesting assignments of their respective shares. An earlier request would have resulted in non-payment since the after payout working interest had not yet accrued. A court would not be able to compel payment before appellant had received the source of the payment. *See American Housing Resources, Inc. v. Slaughter,* 597 S.W.2d 13, 15–17 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). Further, where the parties so frame their contract as to make prior demand an integral part of a cause of action or a condition precedent to a right to sue, the statute of limitations does not begin to run until demand is made. Limitations will run from the date of demand or refusal. *Cassidy–Southwestern Comm. Co. v. Guaranty Trust Co. of N.Y.,* 174 S.W.2d 494, 496 (Tex.Civ.App.—Ft. Worth 1943, writ ref'd n.r.e.); *Gabriel v. Alhabbal,* 618 S.W.2d 894, 896 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.).

Accordingly, Cummins & Walker's point is overruled.

The judgment of the trial court is affirmed.