# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2014

Lyle W. Cayce
Clerk

No. 13-20242
Summary Calendar

RONALD J. MORAN; JEAN M. MORAN,

Plaintiffs – Appellants

v.

OCWEN LOAN SERVICING, L.L.C.; THE BANK OF NEW YORK MELLON, formerly known as The Bank of New York, as Trustee, for CWABS, Incorporated, Asset-Backed Certificates, Series 2002-5,

Defendants – Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-670

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Our court having announced the rule dispositive of this appeal—that "liens that are contrary to the requirements of § 50(a) [of the Texas Constitution] are voidable rather than void from the start"—we AFFIRM. *Preister v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 674 n.14 (5th Cir. 2013).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20242

## FACTUAL BACKGROUND

Ronald and Jean Moran own a home in Harris County, Texas. On September 25, 2002, the Morans executed a loan agreement under which Full Spectrum Lending, Inc., acquired a lien on the Morans' homestead to secure repayment of the loan. Appellee Bank of New York Mellon (the "Bank") now holds the note and the deed of trust. The Bank sought to foreclose on the Morans' home by applying for an expedited foreclosure order in Texas state court. On December 6, 2012, the Morans sent the Bank a Notice of Request to Cure alleging that the loan violated the Texas Constitution. The Bank did not cure the alleged defects in the loan agreement. Accordingly, on February 15, 2013, the Morans sued the Bank and Ocwen Loan Servicing, L.L.C., in Texas state court to avoid foreclosure. Defendants removed the case to the United States District Court for the Southern District of Texas and moved to dismiss the Morans' complaint for failure to state a claim. After a hearing, the district court granted defendants' motion to dismiss, noting on the record "I can't overcome the binding effect of a very recent . . . Fifth Circuit opinion." The Morans appealed.

## STANDARD OF REVIEW

"We review dismissal under Rule 12(b)(6) *de novo*, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Toy v. Holder*, 714 F.3d 881, 883 (5th Cir. 2013) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## DISCUSSION

The Morans allege that defendants violated Texas's constitutional requirements for creating a valid lien under Texas Constitution art. XVI,

No. 13-20242

§ 50(a)(6)(B), (E), (M)(ii), and (Q)(ix). They allege claims for breach of contract and to quiet title, and request a declaratory judgment specifying that the Bank has failed to cure the defects in the loan documents, that the Bank has forfeited all principal and interest on the Note, and that the lien is void. The Morans did not challenge the constitutional validity of their loan agreement until over ten years after its execution. *Priester* "conclude[d] that a limitations period applies to constitutional infirmities under Section 50(a)(6)"—specifically, *Priester* held that a four-year limitations period applies. 708 F.3d at 674. *Priester* further held that "the legal injury rule applies to the creation of unconstitutional liens" and therefore that the limitation period begins to run at the creation of the lien. *Id.* at 675–76. Accordingly, the Morans' claims, which were asserted over four years after the creation of the lien, are time-barred.

The Morans make three attempts to avoid dismissal. *First*, they argue that *Priester* is not controlling because it is incorrect. "It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court." *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). Accordingly, we have no occasion to revisit *Priester*. Because *Priester* is controlling, we also deny the Morans' motion to certify. *See Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1247 (5th Cir. 1997) ("While the Texas Constitution allows this court to certify questions to the Texas Supreme Court, certification is not a proper avenue to change our binding precedent.").

*Second*, the Morans argue that their declaratory-judgment action is a "defense" to foreclosure and as such is not constrained by a statute of limitations. The Priesters, like the Morans, also sued for a declaratory judgment "that, under the Texas Constitution, the loan and accompanying lien

3

on their home were '*void ab initio*,' that defendants had failed to cure constitutional violations, and that therefore [the lender] was required to forfeit all principal and interest." *Priester*, 708 F.3d at 671–72. *Priester* affirmed dismissal of the declaratory-judgment action under the four-year statute of limitations, *id.* at 671, 674–75, and we are bound to do so as well.

*Third*, the Morans argue that their contract claims are not time barred because their cause of action arose when the Bank refused to cure the alleged defects, not when the agreement closed in 2002. Their complaint alleges that the Bank breached their agreement by "failing to refund or 'cure'" the alleged violations within the 60-day cure period. *Priester* recognized that the application of the statute of limitations is different for contract claims. *Priester*, 708 F.3d at 675 n.6. Specifically, it acknowledged that "'where the parties so frame their contract as to make prior demand an integral part of a cause of action or a condition precedent to a right to sue, the statute of limitations does not begin to run until demand is made.'" *Id.* (quoting *Cummins & Walker Oil Co. v. Smith*, 814 S.W.2d 884, 887 (Tex. App.—San Antonio 1991, no writ)). Importantly, *Priester* also noted that "it is the general rule that in such a case a demand must be made within a reasonable time after it may lawfully be made," and "[t]his court has found that 'reasonable' period of time to relate to the statute of limitations." *Id.* (internal citations and quotation marks omitted). Put another way, "[w]here a demand is a condition precedent to suit, the plaintiff may not, by failing or refusing to perform the condition, toll the running of the statute and reserve for himself the right to sue within the statutory period from such time as he decides to make a demand." *Id.* (quoting *Aetna Cas. & Sur. Co. v. State*, 86 S.W.2d 826, 831 (Tex. Civ. App.—Fort Worth 1935, writ dism'd)).

4

No. 13-20242

The Morans failed to seek cure until 2012, which is ten years after the closing of the agreement (2002) and six years after the running of the applicable statute of limitations (2006). We have noted:

> Under Texas law, where a demand is a condition precedent to suit on a guarantee agreement, the demand must be made within a period coincident with the statute of limitations on the underlying note. . . . Under Texas law, this coincident four year statute of limitations established the reasonable period of time in which a demand for payment could have been made on the guarantee agreement. Because the demand was not made within this reasonable period of time, any action on the guarantee agreement is barred under Texas law.

*United States v. First City Capital Corp.*, 53 F.3d 112, 115–16 (5th Cir. 1995) (Wisdom, J.).

The Morans rely on *Aetna Cas. & Sur. Co. v. State for Use & Benefit of City of Dall.*, for the proposition that "[w]hat this reasonable time is depends upon the circumstances of each case, and in this respect no definite rule has been laid down. The question is one of fact for the jury, and not of law for abstract judicial decision." 86 S.W.2d 826, 831 (Tex. Civ. App.—Fort Worth 1935, writ dism'd). But *Aetna* continued: "Ordinarily, however, in the absence of mitigating circumstances, a time coincident with the running of the statute will be deemed reasonable, and if a demand is not made within that period the action will be barred." *Id.* The Morans allege no mitigating circumstances in their complaint. Accordingly, the Morans did not make their demand within the applicable statute of limitations, and their action is barred under Texas law. *See First City Capital Corp.*, 53 F.3d at 116 (deciding demand was unreasonably delayed as a matter of law); *see also Irwin v. Prestresed Structures, Inc.*, 471 S.W.2d 865, 868 (Tex. Civ. App.—Eastland, writ ref'd

5

No. 13-20242

n.r.e) ("Ordinarily a time coincidental with the running of the statute of limitations will be deemed reasonable.").[1]

## CONCLUSION

*Priester* controls the outcome of this dispute. AFFIRMED.

---

[1] The invalidity of the Morans' contract claims is apparent on the face of their complaint, which alleges that they executed the agreement on September 25, 2002 and sent their first cure demand on December 6, 2012. *See, e.g.*, *EPCO Carbon Dioxide Prods. Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006) ("Although dismissal under rule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint."); *see also* 5B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1357 (3d ed. 2013) ("As the case law makes clear, the complaint also is subject to dismissal under Rule 12(b)(6) when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy.").