

# Fourth Court of Appeals
## San Antonio, Texas

## DISSENTING OPINION

No. 04-13-00069-CV

**TARRANT COUNTY DEMOCRATIC PARTY**, Steve Maxwell, In His Official Capacity as Chair of the Tarrant County Democratic Party, Texas Democratic Party; and Gilberto Hinojosa, In His Official Capacity as Chair of the Texas Democratic Party,
Appellants

v.

John **STEEN**,[1] In His Official Capacity as Secretary of State of Texas,
Appellees

From the 345th District Court, Travis County, Texas
Trial Court No. D-1-GN-09-00172
The Honorable Amy Clark-Meachum, Judge Presiding

### DISSENT TO DENIAL OF MOTION FOR EN BANC RECONSIDERATION

Dissenting Opinion by: Marialyn Barnard, Justice, joined by Karen Angelini, Justice

Sitting en banc:   Catherine Stone, Chief Justice
                   Karen Angelini, Justice
                   Sandee Bryan Marion, Justice (not participating)
                   Marialyn Barnard, Justice
                   Rebeca C. Martinez, Justice
                   Patricia O. Alvarez, Justice
                   Luz Elena D. Chapa, Justice

Delivered and Filed:  May 7, 2014

I respectfully dissent from the decision to deny appellee's motion for en banc reconsideration because appellants clearly did not meet the statutory prerequisites necessary to invoke a waiver of sovereign immunity under section 173.086(a) of the Texas Election Code.

---

[1] Nandita Berry was sworn in as Texas Secretary of State on January 7, 2014.

Because the supreme court has specifically held that such statutory prerequisites are jurisdictional, and the record does not establish appellants met the statutory prerequisites in section 173.086(a), the trial court lacked subject-matter jurisdiction, and the trial court's order should be vacated and this appeal dismissed. Accordingly, I must dissent to the decision to deny appellee's motion for en banc reconsideration.

As set forth in the opinion, appellants sought reimbursement from the Texas Secretary of State for attorney's fees incurred in defending an election contest. The appellants' challenge to appellee's denial of their reimbursement request was based on section 173.086(a) of the Elections Code. Section 173.086(a) of the Election Code provides:

> The authority who submitted a statement of estimated primary election expenses under this subchapter may challenge in a district court in Travis County the amount of state funds approved by the secretary of state for disbursement.

TEX. ELEC. CODE ANN. § 173.086(a) (West 2010).

When the Secretary of State denied the request, stating the requested fees were "unrelated to the administration of the primary election," appellants filed suit against appellee, the Secretary of State. In response, appellee filed a general denial and asserted the defense of sovereign immunity, claiming appellants failed to meet the statutory prerequisites. After a bench trial, the trial court denied appellants' requested relief, and appellants perfected this appeal. Upon review, this court held the statutory prerequisites in section 173.086(a) were mandatory and jurisdictional. However, we held appellants met the burden of establishing the statutory prerequisites by inferring that a statement of primary expenses — the prerequisite in section 173.086(a) — was filed or the appellee waived the prerequisite. Therefore, we held immunity was waived.

I contend, however, this court erred in making such inferences, i.e., findings. In section 311.034 of the Texas Government Code, the Legislature provided that statutes "shall not be

construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language." TEX. GOV'T CODE ANN. § 311.034 (West 2013). The Texas Supreme Court has held time and again that statutory waivers of immunity must be construed narrowly. *See, e.g.*, *Tex. Adjutant General's Office v. Ngakoue*, 408 S.W.3d 350, 353 (Tex. 2013); *In re Smith*, 333 S.W.3d 582, 587 (Tex. 2010); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). And, in fact, "any purported statutory waiver of sovereign immunity should be strictly construed *in favor of retention of immunity*." *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 513 (Tex. 2012) (emphasis added); *see Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697 (Tex. 2003). As stated by the supreme court in *Taylor*, if there is room to doubt, we are less likely to find waiver. 106 S.W.3d at 697.

To support its decision to infer findings in the absence of a specific stipulation with regard to the filing of a statement of estimated primary expenses, this court relies on *Lawler v. Lomas & Nettelton Mortg. Investors*, 691 S.W.2d 593 (Tex. 1985) and *Cummins & Walker Oil Co. v. Smith*, 814 S.W.2d 884 (Tex. App.—San Antonio 1991, no writ). I do not believe either case supports or compels the court's decision to infer that appellants filed the required statement or that appellee waived immunity.

In *Lawler*, which is not a sovereign immunity case, the supreme court held that when an appellate court reviews a case tried upon an agreed statement of facts, i.e., stipulations, it may not draw inferences or find facts that are not included in the agreed statement unless such inferences or facts are "necessarily compelled by the agreed upon evidentiary facts." 691 S.W.2d at 595. Similarly, in *Cummins & Walker*, again, not a sovereign immunity case, this court held that when a matter is tried on an agreed statement of facts, the reviewing court presumes all the necessary

facts were before the trial court and "will not draw any inference or find any fact not embraced in the agreement."  814 S.W.2d at 886.

In the case now before this court, the court admits the stipulated facts on which this matter was tried "do not include any stipulation on whether [appellants] filed a statement of estimated primary expenses."  Despite the absence of evidence, this court holds it may infer such a filing, or a waiver of immunity by appellee, because appellee reimbursed appellants "for their *Cerda* suits' attorney's fees."  Thus, according to this court's opinion, payment of the *Cerda* fees "necessarily compelled" a finding that the statement of estimated expenses was filed or appellee waived immunity.  I strongly disagree, particularly given that in sovereign immunity cases, *doubts are to be resolved in favor of retention of immunity*.

Obviously, appellee was not *required* to pay the *Cerda* fees if appellants failed to file a statement of estimated primary expenses, but this does not mean appellee did not *voluntarily pay* the fees or *erroneously pay* the fees in the absence of the statement.  In other words, appellee's decision to pay the *Cerda* fees does not affirmatively establish that a statement of expenses was filed, nor does it "necessarily compel" such a finding.  Nor is a finding that a statement of expenses was filed or appellee waived immunity "embraced" in the stipulations filed by the parties.  Moreover, it is anomalous to infer such a finding from the stipulations when appellee asserted immunity from the outset.  By making this inference, this court fails to engage in a narrow construction or one that favors retention of immunity — directly contrary to the mandate of both the legislature and the supreme court.

Given the backdrop from the legislature and the supreme court, it seems to me that making factual inferences (finding facts) in order to find waiver of sovereign immunity from a record that contains absolutely no evidence with regard to compliance with the statutory prerequisites or an

affirmative waiver is manifestly erroneous. If reviewing courts are allowed to make such inferences, then the mandates of narrow construction and construction in favor of immunity retention are like a lion without teeth. Given the legislature's repeated amendment and enactment of statutes favoring immunity, I cannot believe the type of inference-finding engaged in by this court will find favor.

Because appellants failed to establish they met the statutory prerequisites necessary to invoke waiver of sovereign immunity under section 173.086(a), and I do not believe this court may engage in the type of inference-finding upon which the decision is based, I would hold immunity was not waived. Accordingly, I would hold the trial court lacked subject-matter jurisdiction and would vacate the trial court's order and dismiss the appeal.

Marialyn Barnard, Justice