**Charles Ronald STRETCHER; Yvonne S. Stretcher, Plaintiffs–Appellants**

v.

**BANK OF AMERICA, N.A.; General America Corporation of Texas; Vanessa Gregory, Defendants–Appellees.**

No. 13–11373
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 2, 2014.

Mark A. Swaim, Swaim Law Office, Irving, TX, for Plaintiff–Appellant.

Richard Dwayne Danner, Litigation Counsel, Nathan Templeton Anderson, Attorney, Frank Jeffrey Catalano, Esq., McGlinchey Stafford, P.L.L.C., Dallas, TX, for Defendant–Appellee.

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Plaintiffs–Appellants Charles and Yvonne Stretcher appeal the district court's November 13, 2013 order dismissing their claims as time barred under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the district court's order is AFFIRMED.

I.

On June 21, 2013, the Stretchers filed a complaint against Defendant–Appellee Bank of America ("BOA") challenging BOA's home equity lien on their property and right to foreclose under Article XVI, § 50(a)(6) of the Texas Constitution. BOA moved to dismiss the Stretchers' claims under Rule 12(b)(6). A magistrate judge recommended that the district court dismiss the Stretchers' claims as time-barred under Texas's four-year residual statute of limitations. *See* TEX. CIV. PRAC. & REM.CODE § 16.051. The Stretchers did not object to the report and recommendation. On November 13, 2013, the district court adopted the report and recommendation and dismissed the Stretchers' claims as time barred. The Stretchers appealed. Because the Stretchers did not object to the magistrate judge's report and recommendation, we review the district court's order of dismissal for plain error. *See Salts v. Epps,* 676 F.3d 468, 474 (5th Cir.2012) (citing *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir.1996) (en banc)).

II.

On appeal, the Stretchers contend that Texas's four-year residual statute of limitations does not apply to their claims under Article XVI, § 50(a)(6) of the Texas Constitution. As the Stretchers acknowledge, this challenge is foreclosed by *Priester v. JP Morgan Chase Bank, N.A.,* 708 F.3d 667, 673–76 (5th Cir.2013), which held that a four-year limitations period applies to "constitutional infirmities under Section 50(a)(6)." *See also Moran v. Ocwen Loan Servicing, LLC,* No. 13–20242, 560 Fed. Appx. 277, 279, 2014 WL 1193510, at *1–2 (5th Cir. Mar. 24, 2014). The Stretchers

---

attempt to avoid dismissal by arguing that *Priester* was wrongly decided. "It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court." *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir.2008). Accordingly, we have no occasion to revisit *Priester* and the Stretchers have not demonstrated plain error.

### III.

Because the Stretchers' challenge is controlled by *Priester*, the district court's order of dismissal is AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.