**G & R INVESTMENT, et al.,
Appellants,**

v.

**James K. NANCE, Jr., Appellee.**

**No. C14–83–642–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 4, 1984.

728

Chris C. Pappas, Wyckoff, Russell, Dunn & Frazier, Houston, for appellants.

Brantley Harris, Prappas, Moncrue, Harris & Eidman, Houston, for appellee.

Before JUNELL, SEARS and SHARPE, JJ.

OPINION

JUNELL, Justice.

This is an appeal from a judgment in a suit on a promissory note. G & R Investment, a partnership, Guy J. Robertson and

Richard P. Schissler, Jr., sued to recover on a promissory note executed by James K. Nance, Appellee. Nance affirmatively pled the defense of limitations and moved for summary judgment. The trial court granted the defendant's motion and entered judgment that the plaintiffs take nothing. At issue is when the limitation period begins to run on a note that is payable "on demand or if no demand be made, on February 2, 1978." We reverse and remand because we find that, absent evidence that demand was made before February 2, 1978, the note matured and limitations began to run on that date.

The note in question is dated August 2, 1976. An action for debt evidenced by a writing must be commenced within four years after the cause of action accrued. Tex.Rev.Civ.Stat.Ann. art. 5527 (Vernon Supp.1984). Ordinarily, the statute of limitations begins to run on a demand note on the date of making. *Seaman v. Seaman*, 425 S.W.2d 339, 342 (Tex. 1968). When demand is a condition precedent to suit on a note, the statute of limitations begins to run on the date of demand. *Foreman v. Graham*, 363 S.W.2d 371 (Tex. Civ.App.—Beaumont 1962, no writ). The terms of the Nance note did make demand a condition precedent. *Loomis v. Republic National Bank*, 653 S.W.2d 75 (Tex.Civ. App.—Dallas 1983, writ ref'd n.r.e.). In *Loomis* the court interpreted a note that was payable "on demand or if no demand be made 1–31–77." The court held that the note was due on January 31, 1977, unless a prior demand had been made. Demand was waived if not made before January 31. No demand having been made, the court held that the note matured and the statute of limitations began to run on January 31, 1977. That holding is sound and we follow it here. We hold that the Nance note matured on February 2, 1978. Suit filed on January 29, 1982, less than four years from the date of maturity, was not barred by the statute of limitations.

Appellee argues that *Loomis* was wrongly decided. We believe appellee relies on cases that are not on point.

The trial court was in error when it granted summary judgment for Appellee. There is no need to consider appellant's alternative point of error.

The judgment is reversed and the case is remanded for trial on the merits.