OPINION
DUNN, Justice.
This is an appeal from a summary judgment in a suit on a promissory note.
*430 Toni Siegler, appellant, sued to recover on a promissory note executed by Newell E. France, appellee, in the principal sum of $45,000. The note, dated March 24, 1976, states that the principal sum would be paid to France in a series of advancements to be made from time to time, to a maximum represented by the principal amount. Un-controverted evidence shows that two such advancements were made; the first on March 31, 1976, in the amount of $12,000 and the second on May 30, 1976, in the amount of $8,000. Siegler filed suit on July 12, 1984, to recover the $20,000 paid under the note, plus interest and attorney’s fees, and moved for summary judgment in January of 1985. France filed a cross-motion for summary judgment and affirmatively pleaded the defense of limitations. On appeal, Siegler complains that the trial court erred in granting France’s motion for summary judgment and in denying her motion for summary judgment. At issue is the maturity date of a note that states:
All sums of money endorsed hereon as advancements as herein provided shall have maturity five (5) years after date of this note at the time of the making of such respective advancement or as provided below.... This note is payable as follows to wit: Upon demand of the payee herein.
(Emphasis added.)
We reverse and render judgment for Siegler, because we find that, absent evidence that demand was made before March 24, 1981, the note matured, and limitations began to run on that date. Suit filed on July 12, 1984, less than four years from the date of maturity, was not barred by the statute of limitations. Tex.Rev.Civ. Stat.Ann. art. 5527 (Vernon Supp.1985); cf. G & R Investment v. Nance, 683 S.W.2d 727 (Tex.App.—Houston [14th Dist.] 1984, writ ref’d n.r.e.).
We do not find, however, that Sie-gler is entitled to all interest accrued since the date of the first advancement. Under the terms of the note, “the amount of each advancement shall bear interest from the date thereof until maturity at the rate of 9% per annum. Interest on all principal shall be paid annually as it accrues..” We hold that the limitations period has expired on those interest payments due in March and May of 1977, 1978, 1979, and 1980.
The judgment of the trial court is reversed, and judgment is rendered for appellant as set out hereinabove.