**Alice B. McCRAINE, Appellant,**

v.

**James B. MANZ, Appellee.**

**No. 05–86–00714–CV.**

Court of Appeals of Texas,
Dallas.

April 20, 1987.

Richard W. Rogers, III, Corpus Christi, for appellant.

Charles O. Shields, Dallas, for appellee.

Before HOWELL, McCLUNG and McCRAW, JJ.

McCLUNG, Justice.

In a suit on a promissory note, Alice B. McCraine, appellant, appeals from a summary judgment in favor of appellee, James B. Manz. Appellant brought suit to recover $28,300.00 allegedly owed her under the note. In addition, appellant sought attorney's fees, interest and costs. After filing his first amended answer, appellee made a motion for summary judgment on the basis that: (1) the promissory note was incomplete and unenforceable; and (2) appellant's claim was barred by the statute of limitations. Appellant filed no response to the appellee's motion for summary judgment. On appeal, appellant contends that the trial court erred in granting summary judgment because: (1) limitations was not established on the face of the pleadings

**367**

and by affidavit; and (2) the note was a complete enforceable negotiable instrument.

 It must first be stated that because appellant filed no written response to the motion for summary judgment the only issue before us is whether the grounds expressly presented to the trial court by appellee's motion are insufficient as a matter of law to support summary judgment. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); *Davenport v. Harrison,* 711 S.W.2d 340, 341 (Tex.App.—Texarkana 1986, no writ); TEX.R.CIV.P. 166–A(c).

 No time for payment is stated on the face of this note. Consequently, the note is payable on demand. *Davis v. Dennis,* 448 S.W.2d 495, 497 (Tex.Civ.App.— Tyler 1969, no writ); TEX.BUS. & COMM. CODE ANN. § 3.108 (Vernon 1968). The statute of limitations begins to run on a demand note from the date of execution or delivery. *Davis,* 448 S.W.2d at 498. The note is dated November 15, 1977. Appellee's uncontroverted affidavit swore the note was executed and delivered on November 15, 1977. Suit was filed on September 18, 1984. The statute of limitations applicable to a suit on a promissory note is four years. *See* TEX.PRAC. AND REM.CODE § 16.004 (Vernon 1986). Since appellant's suit was brought more than four years from the date the statute of limitations began to run, the trial court properly granted appellee's motion for summary judgment. As our disposition of appellant's first point of error is dispositive of the case, we need not address appellant's remaining point of error.

The judgment is affirmed.