Elvin L. YOUNG, Appellant,

v.

J & J BAIL BONDS COMPANY and
Jack Caldwell, Appellees.

No. 08–90–00083–CV.

Court of Appeals of Texas,
El Paso.

May 23, 1990.

Rehearing Overruled June 13, 1990.

Elvin L. Young, Memphis, Tenn., appellant pro se.

William B. Portis, Houston, for appellees.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

OSBORN, Chief Justice.

This is an appeal from a summary judgment which denied recovery for a sum of money paid to a bail bond company which allegedly was not refunded in accordance with the agreement of the parties. We reverse.

Elvin Young filed suit on May 8, 1989 and alleged that on March 5, 1986, J & J Bail Bonds Company posted a bond for him and that he had paid $50,000 as collateral for the bond and a service fee of $2,500. He alleged a conspiracy charge against him was dismissed in May 1986 and $35,000 was returned to him. He attached a receipt dated June 17, 1986 which recites that J & J Bail Bonds was "holding $15,000 for Elvin Young." That receipt is signed by Jack Caldwell for the bonding company.

He also alleged that the remaining charge against him was dismissed and that he made demand for the $15,000 and that the request was denied. He attached an affidavit of another person who was present with him when the demand was made on February 10, 1987.

In the Defendants' Original Answer, the defenses alleged were the two-year statute of limitation in Section 16.003, Civil Practice and Remedies Code and a release of this claim resulting from a receipt signed by Elvin Young and dated August 4, 1986.

On August 23, 1989, the two defendants filed a Motion for Summary Judgment in which it was asserted the cause of action in debt is barred by the four-year statute of limitation. Two days later on August 25, 1989, the court heard that motion and granted it on the basis that the "cause of action in debt is barred by the 4 year statute of limitations." The reply to the motion was filed September 8, 1989, within 16 days after the motion was filed, but 14 days after judgment was entered.

■ Before we reach the merits of the case, we are compelled to note that it shocks the conscience of the court that a lawyer would file a motion for summary judgment and two days later present an order granting that motion to the trial court. We are equally shocked that the court would in that time period both consider and grant the motion. Such conduct on the part of both the court and counsel clearly violates the provisions of Tex.R. Civ.P. 166a, which provides for filing a response seven days prior to the day of hearing.

■ Turning to the merits of the case, we initially note that the answer filed in this case pled the two-year statute of limitation. The Motion for Summary Judgment and Order granting it were based upon a different statute, the four-year statute. A party is required to meet the case as pled. *Cook v. Brundidge, Fountain, Elliott & Churchill*, 533 S.W.2d 751 (Tex. 1976). But, where the movant undertakes a more onerous burden in the motion than was actually pled, the non-movant has not been harmed.

■ In this case, the non-movant's pleading established a receipt dated June 17, 1986 for $15,000 made out by J & J Bail Bonds and signed by Jack Caldwell. That is certainly some evidence of a debt. The affidavit of Percy Helveston establishes a demand for payment on February 10, 1987. Where a demand is a part of a cause of action, the statute of limitation does not begin to run until a demand is made. *Gabriel v. Alhabbal*, 618 S.W.2d 894 (Tex.Civ. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). A cause of action does not accrue until facts exist which authorize the claimant to seek relief in a court of competent jurisdiction from the person due to make reparations. *Id.*

■ This suit was filed within four years from the date of the receipt which acknowledged the debt that serves as a basis for this suit. It was filed less than three years after demand for payment. The cause of action is not barred by the four-year statute of limitation.

The judgment of the trial court is reversed and the case remanded to the trial court.