**Vernia M. MARTIN, Appellant,**

v.

**Leola FORD, Appellee.**

**No. 6–92–121–CV.**

Court of Appeals of Texas,
Texarkana.

April 6, 1993.

Rehearing Denied May 11, 1993.

Jerry L. Davis, New Boston, for appellant.

Sherman Kusin, Kusin & Hoover, Texarkana, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Leola Ford recovered judgment against Vernia Martin on a promissory note. Martin contends that the judgment should be reversed because the trial judge improperly admitted parol evidence about the note's due date and because limitations barred the suit. We hold that the evidence was properly admitted, and because the note was not payable until demand was made, limitations had not run before suit was filed.

In 1986, Billy Wayne Martin and wife, Vernia Martin, borrowed $4,800.00 from Leola Ford and executed a promissory note to Ford in that amount. The note had only the date "1986" and contained no date for payment. After the Martins divorced, Ford demanded payment by letter in May 1990. Ford filed this suit on February 7, 1991.

Martin first argues that the trial court erred in allowing Ford to testify that the note was payable "within five or six years, or when I would ask for it."

The parol evidence rule provides that, in the absence of fraud, accident, or mistake, extrinsic evidence is not admissible to vary, add to, or contradict the terms of a written instrument that is facially complete and unambiguous. 36 Tex.Jur.3d *Evidence* § 315 (1984). But, if the instrument is incomplete on its face, extrinsic evidence may be admitted to show the part that is missing, provided the evidence does not

conflict with the written provisions. *Batten v. Waddell,* 118 Tex. 111, 12 S.W.2d 111 (1929); 36 Tex.Jur.3d *Evidence* § 337, at 56 (1984), and cases there cited. The note here is not clear and complete. The date of payment is left incomplete. Extrinsic evidence is admissible to show the time for payment where the written instrument contains no provision on the subject. *Hardin v. James Talcott Western, Inc.,* 390 S.W.2d 517 (Tex.Civ.App.—Waco 1965, writ ref'd n.r.e.); *Stevens v. Palmour,* 269 S.W. 1057, 1060 (Tex.Civ.App.—Waco 1925, no writ); *Head v. Cleburne Bldg. & Loan Ass'n,* 25 S.W. 810 (Tex.Civ.App.1893, no writ); 36 Tex.Jur.3d *Evidence* § 337, at 59 (1984).

■ Martin argues that because Ford failed to plead that there was fraud, accident, or mistake, or that the note was incomplete and ambiguous, Ford's testimony supplying the due date was inadmissible. We disagree. The rule allowing extrinsic evidence to supply missing terms of an instrument that is facially incomplete does not require that fraud or ambiguity be pleaded. *Magnolia Warehouse & Storage Co. v. Davis & Blackwell,* 108 Tex. 422, 195 S.W. 184 (1917); *Allstate Ins. Co. v. Furr,* 449 S.W.2d 295, 301 (Tex.Civ.App.—Amarillo 1969, writ ref'd n.r.e.); *Halbert v. Ward,* 61 S.W.2d 162 (Tex.Civ.App.—Amarillo 1933, writ ref'd). Ford's testimony as to the date of payment was properly admitted.

Martin also contends that the trial court erred in holding that the promissory note did not become due until demand was made. She argues that the note was actionable on its issuance date, and as the suit was not filed within four years, limitations has run.

■ The general rule is that a note without a time for repayment is a demand note and is actionable immediately. Tex. Bus. & Com.Code.Ann. §§ 3.108, 3.122(a) (Vernon 1968); *Leinen v. Buffington's Bayou City Service Co.,* 824 S.W.2d 682, 684 (Tex.App.—Houston [14th Dist.] 1992, no writ); *McCraine v. Manz,* 730 S.W.2d

366, 367 (Tex.App.—Dallas 1987, no writ); *Davis v. Dennis,* 448 S.W.2d 495, 497 (Tex. Civ.App.—Tyler 1969, no writ). Ordinarily, the four-year statute of limitations on a demand note begins to run on the note's date of issuance. *See* Tex.Civ.Prac. & Rem. Code Ann. § 16.004 (Vernon 1986); *Leinen v. Buffington's Bayou City Service Co.,* 824 S.W.2d at 684; *McCraine v. Manz,* 730 S.W.2d at 367; *Davis v. Dennis,* 448 S.W.2d at 498. The note in this case was dated "1986," and suit was not filed on the note until February 7, 1991.

■ If, however, a demand is an integral part of a cause of action, or a condition precedent to the right to sue, limitations does not begin to run until a demand is made, unless demand is waived or is unreasonably delayed. *Cummins and Walker Oil Co. v. Smith,* 814 S.W.2d 884 (Tex. App.—San Antonio 1991, no writ); *Young v. J & J Bail Bonds Co.,* 792 S.W.2d 484 (Tex.App.—El Paso 1990, no writ); *Gabriel v. Alhabbal,* 618 S.W.2d 894 (Tex.Civ. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.); *Foreman v. Graham,* 363 S.W.2d 371 (Tex.Civ.App.—Beaumont 1962, no writ); *McCorkle v. Hamilton,* 150 S.W.2d 439 (Tex.Civ.App.—Fort Worth 1941, writ ref'd). Ford contends that demand was a requirement before this note became due, and therefore limitations did not begin to run until her demand letter was sent in May 1990.

The trial court found in its findings of fact that the note was not to become due until a demand was made. The finding partially rests on Ford's testimony that the note was payable "within five or six years, or when I would ask for it." Billy Wayne Martin also testified that the note was to be due within "four or five years or whenever my sister would ask for it."[1] Although Martin disputed this evidence at trial, on appeal she does not contest the sufficiency of the evidence supporting the court's finding. Rather, she relies on the general rule that a demand note is actionable from its date of issuance. Tex.Bus. & Com.Code Ann. § 3.122(a).

---

1. Ford is Billy Ray Martin's sister.

The rule that where demand is a condition precedent to liability on a note, limitations does not begin to run until demand is made has survived the adoption of Sections 3.108 and 3.122 of the Uniform Commercial Code, on which Martin relies. *See Cummins and Walker Oil Co. v. Smith,* 814 S.W.2d at 887; *Young v. J & J Bail Bonds Co.,* 792 S.W.2d at 485; *Gabriel v. Alhabbal,* 618 S.W.2d at 896–97.

■ Under the rule, demand must be made within a reasonable time. *Foreman v. Graham,* 363 S.W.2d at 372–73. Martin contends that the trial court erred in finding that demand on the note involved here was timely made. Whether demand is made within a reasonable time is a question of fact. The trial court found that demand for full payment of the note was timely made by letter dated May 7, 1990. Martin does not challenge the sufficiency of the evidence to support this finding. Absent mitigating circumstances, demand is reasonable if made within the period of limitations. *Foreman v. Graham,* 363 S.W.2d at 372–373. In this case, demand was made by letter in May 1990. Martin contends that the note predated May 1986, and therefore demand was not timely made. Martin argues that no mitigating circumstance was shown.

Ford testified that the parties agreed that the loan would be due in five or six years, or on demand. Billy Wayne Martin testified that his former wife and he agreed to pay back the loan within four or five years, or on demand. Ford demanded payment within five years of the note's issuance. The trial court did not expressly find whether the parties agreed that demand could be made within five or six years. In the absence of a finding, we must presume this element of Ford's grounds for recovery as it supports the judgment and is supported by the evidence. Tex.R.Civ.P. 299. Since the parties contemplated a period of five or six years for demand to be made, Ford's demand in May 1990 came within a reasonable time.

Martin also contends that the trial court erred in denying her cross-claim against Billy Wayne Martin for contribution. She argues that the court erred in finding that the decree in the Martins' divorce relieved Billy Wayne Martin of any liability on the note. The master's report, which was made a part of the divorce decree, provides that all debts shall be paid by the incurring party. Martin argues that, since both Billy Wayne Martin and she signed the promissory note, they are both liable on it.

■ The divorce decree divided real property between the Martins and provided that each party would be solely liable for the payment of any indebtedness owed on the real property that party received. Martin admitted in her testimony that the money borrowed from Ford was used to purchase the Tisdale tract, a tract of land the decree awarded to her, but she argues that the note was not secured by a lien, and therefore it cannot be said that the borrowed money was "owed on" the land. We disagree. The decree does not require that there be a lien on the land. Martin's admission that the money borrowed from Ford was used to purchase the Tisdale tract establishes that the loan was a debt owed on that property.

■ Even if the decree meant that each party would be liable only for debts *secured* by real property received, the result would be the same. The note states that it is secured by a deed of trust to W.H. Shuford as trustee covering the tract described in the John Tisdale Survey. Martin testified at trial that no such deed of trust was ever prepared. But, where one furnishes money to another with which to purchase land, under an agreement that the purchaser will execute a mortgage or give a lien upon the property to secure the money advanced, the agreement will be enforced in equity as a mortgage, on the theory that it would constitute a fraud against the lender if it were not enforced. *Dillard v. Dillard,* 341 S.W.2d 668, 672 (Tex.Civ.App.—Austin 1960, writ ref'd n.r.e.); *Bagley v. Pollock,* 19 S.W.2d 193, 195 (Tex.Civ.App.—Amarillo 1929, no writ). Thus, the promissory note would be secured by an equitable lien on the Tisdale land. *Woods v. West,* 37 S.W.2d 129, 132 (Tex.Comm'n App.1931, holding approved).

For the reasons stated, the judgment is affirmed.