11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

Carolyn Hayes

Appellant

Vs.                   No.  11-00-00120-CV C
Appeal from Comanche County

Kenneth Ray Rinehart and Linda Ann Eckert Hill

Appellees

 

This appeal arises from the dispute over a
certificate of deposit account that Carolyn Hayes=
father, C. E. Rinehart, established in her name.   C. E. Rinehart died testate in March of 1997, leaving his three
children as his sole heirs at law. 
Carolyn Hayes, Kenneth Ray Rinehart, and Linda Ann Eckert Hill agreed
not to probate their father=s
will. 

Kenneth Rinehart sued his sisters, Carolyn Hayes
and Linda Hill, seeking partition of their father=s
estate.  Prior to his death, C. E.
Rinehart had deposited monies in a certificate of deposit account with First
National Bank of Dublin. That account was solely in the name of Carolyn Hayes.
In his first amended petition filed on January 20, 1999, Kenneth also sought a
court determination that the certificate of deposit account be included as part
of the estate.  In his pleadings,
Kenneth alleged that his father was worried that these assets would be used for
his father=s medical
care.  Kenneth alleged that C. E.
Rinehart placed the funds in Carolyn Hayes=
name for convenience.  After numerous
hearings, the trial court confirmed the Order Partitioning and Awarding Title
to Real Property.  The trial court also
found that the certificate of deposit account was part of the estate and
ordered Carolyn Hayes to deliver the funds together with interest accrued
thereon to the registry of the court. 
Carolyn Hayes appeals the trial court=s
determination that the certificate of deposit account was part of the
estate.  We affirm.








Carolyn Hayes contends that the trial court erred
in ruling that the funds in the certificate of deposit account were the
property of the estate of her father. At the hearing on April 19, 1999, Carolyn
Hayes testified that  on December 29,
1992, her father placed the certificate of deposit account solely in her
name.  Carolyn Hayes stated that she did
not earn any of the money placed in the account but that the money belongs to
her because the certificate of deposit account is in her name. Carolyn Hayes
introduced into evidence a copy of the signature card from the certificate of
deposit account which shows that the account is an individual account in her
name.

At the same hearing, Nolan Rinehart, C. E.
Rinehart=s brother,
testified that, in the last years of his life, C. E. Rinehart had a medical
condition that required him to be on oxygen and use a breathing machine.  Nolan Rinehart testified at the hearing that
C. E Rinehart had stated prior to his death that he had Aput money in [Carolyn Hayes=] name@ in order to get his
breathing machine and medication paid for by Medicare and Medicaid and in order
to receive treatment at the V.A. Hospital. 
Nolan Rinehart further testified that C. E. Rinehart stated that his
intentions were that Aeverything
he owned be split@
among his children. 

Doreen Rinehart, C. E. Rinehart=s sister-in-law, testified
at the hearing that C. E. Rinehart had said that Medicare and Medicaid would
not pay for his breathing machine and medication if he had any money in the
bank and that, as a result,  he put the
money in Carolyn Hayes=
name.   Doreen Rinehart further
testified that C. E Rinehart stated that Carolyn Hayes Awould do what was right.@  Doreen Rinehart stated that C. E. Rinehart expressed his desire
that everything he owned be divided among his three children.

Carolyn Hayes argues that the trial court erred in
admitting and considering the testimony of Nolan Rinehart and Doreen Rinehart
because the testimony violated the parol evidence rule.  The parol evidence rule is a rule of
substantive law which provides that, in the absence of fraud, accident, or
mistake, extrinsic evidence is not admissible to vary, add to, or contradict
the terms of a written instrument that is facially complete and unambiguous.
Pitman v. Lightfoot, 937 S.W.2d 496 (Tex.App. ‑ San Antonio 1996, writ
den=d); Martin v.
Ford, 853 S.W.2d 680, 681 (Tex.App. ‑ Texarkana 1993, writ den=d).  Carolyn Hayes contends that, because the
signature card clearly shows that she is the sole owner of the certificate of
deposit account, the testimony of Nolan Rinehart and Doreen Rinehart was
inadmissible to contradict the terms of the certificate of deposit
account.  We disagree.  The extrinsic evidence was admissible to show
fraud.  See Burleson State Bank v.
Plunkett, 27 S.W.3d 605 (Tex.App. - Waco 2000, pet=n den=d).  C. E. Rinehart deposited the monies in
Carolyn Hayes= name so
that he could receive the benefits of Medicare and Medicaid and the V.A.
Hospital at a reduced cost or no cost.








At trial, Carolyn Hayes also urged that her father,
C. E. Rinehart, had intended to make a gift to her of the certificate of
deposit account.  In its findings of
fact, the trial court found that a gift had not been proven by clear and
convincing evidence and that C. E. Rinehart had no intent to make a gift of the
certificate of deposit account to Carolyn Hayes.  On appeal, Carolyn Hayes argues that the trial court=s findings are against the
great weight and preponderance of the evidence.  Findings of fact have the same force and dignity as a jury
verdict and are reviewed for factual and legal sufficiency using the same
standards applied to jury verdicts. 
Dorman v. Arnold, 932 S.W.2d 225 (Tex.App. ‑ Texarkana 1996, no
writ); Zieben v. Platt, 786 S.W.2d 797, 799 (Tex.App. ‑ Houston [14th
Dist.] 1990, no writ).  Thus, we
consider and weigh all the evidence in the case and affirm the judgment unless
the finding is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust.  Plas-Tex,
Inc. v. U.S. Steel Corporation, 772 S.W.2d 442, 445 (Tex.1989); In re King=s Estate, 244 S.W.2d 660,
661 (Tex.1951).

Three elements are necessary to establish the
existence of a gift:  (1) intent to make
a gift;  (2) delivery of the
property;  and (3) acceptance of the
property.   Dorman v. Arnold, supra; In
re Estate of Hamill, 866 S.W.2d 339, 344 (Tex.App. ‑ Amarillo 1993, no
writ).  The intent of the donor,
however, is the principal issue in determining whether a gift has been
made.  Thompson v. Lawson, 793 S.W.2d
94, 96 (Tex.App. ‑ Eastland 1990, writ den=d).  The person claiming that a gift was made
must prove the gift by clear and convincing evidence.  Dorman v. Arnold, supra.

The trial court heard evidence that C. E. Rinehart
placed the certificate of deposit account in Carolyn Hayes= name to be eligible for
Medicare and Medicaid benefits.  The
record also shows that C. E.  Rinehart
used money from another certificate of deposit account to purchase a pickup
after also placing that certificate of deposit account in Carolyn Hayes= name.  The trial court=s findings are not so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust.  We have considered all of Carolyn Hayes= arguments on appeal, and
they are all overruled.  

The judgment of the trial court is affirmed.

 

November
30, 2001                                                                 W.
G. ARNOT, III

Publish.  See TEX.R.APP.P. 47.3(b).                           CHIEF JUSTICE

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.