

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00027-CV

SUDHA MANANDHAR                                    APPELLANT

V.

MOHAMMAD K. JAMSHED                                 APPELLEE

----------

## FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Sudha Manandhar appeals the trial court's judgment in favor of her brother-in-law, appellee Mohammad K. Jamshed. In one issue, appellant contends that the trial court should not have granted summary judgment for appellee because he did not conclusively establish his statute of limitations affirmative defense to her breach of contract claim. We affirm.

### Background Facts

---
[1]*See* Tex. R. App. P. 47.4.

In January 1998, appellee purportedly signed a document stating the following:

> This is to acknowledge that [appellant] has provided . . . funds in the sum of $65,000.00 a check and also the sum of $61,000.00 in cash to purchase the . . . T&J Conoco at 501 Renfro [S]t. in Crowley and also to help in running the business and also doing the check cashing.
>
> This money will return with interest as [has] been discussed verbally.[2]

In November 2005, appellant signed a demand for payment. The demand was addressed to appellee and recited,

> It has been eight years that I have lent you money one check from my brother's account sum of $65,000.00 and $61,000.00 cash in US dollars.
>
> To purchase the T&J Conoco which is at 501 Renfro [S]t. in Crowley, it has been a while but now it is time to demand my money.
>
> I am requesting you in full payment so I can pay back to my lenders.

In October 2009, appellant sued appellee, alleging that appellee had not made any payments.[3] Appellant brought claims for breach of contract, quantum meruit, and promissory estoppel. Appellee filed a verified answer in which he pled a statute of limitations affirmative defense.

---

[2]The record contains a copy of a $65,000 check that is signed by appellant and is made out to T&J Conoco.

[3]Appellant asserted in her verified petition that payment was to be made by appellee "when demand was made."

In July 2010, appellee filed a motion for summary judgment on his statute of limitations defense. He contended, in summary, that the November 2005 "demand for loan repayment [was] over seven (7) years from the date of the loan and th[e] suit [was] filed more than eleven (11) years from the date of the loan. Th[e] suit is therefore . . . barred by the applicable four year statute of limitation." Appellant responded to the motion and filed an affidavit stating the following facts:

- appellant gave appellee $126,000 when appellee signed the acknowledgement in January 1998;

- appellee agreed to return the money to appellant, with interest, "when he had the money to do it";

- six or seven times between 1998 and 2004, appellant agreed, at appellee's request, to extend appellee's time for repayment;

- each time appellee asked for an extension on repayment, he admitted owing the amount and said that he "would have the money soon to repay the amount";

- in 2005, appellee "changed his mind and indicated he was breaching [the] agreement . . . and would not honor his promise," so appellant sent him the November 2005 demand; and

- appellee refused to repay appellant, which forced her to file the suit in October 2009.

Appellant's husband (and appellee's brother), Mohammad T. Jashmed, also filed an affidavit that repeated the facts contained in appellant's affidavit.

The trial court granted appellee's motion for summary judgment; the court's order stated that it disposed of all parties and claims and was final and appealable. Appellant brought this appeal.

**The Trial Court's Decision to Grant Appellee's Summary Judgment Motion[4]**

In her only issue, appellant argues that the trial court erred by granting appellee's motion for summary judgment. In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort*, 289 S.W.3d at 848.

---

[4]The trial court disposed of appellant's quantum meruit and promissory estoppel claims although appellee had not expressly sought summary judgment on those claims. Appellant has not argued that the trial court's decision to grant summary judgment against her breach of contract claim on the basis of appellee's statute of limitations defense should be analyzed differently than its decision to grant summary judgment against her quantum meruit and promissory estoppel claims. In other words, she has not asserted any reason that the trial court's judgment should be reversed on the latter claims even if we affirm it on the breach of contract claim. We cannot raise grounds for reversing a summary judgment sua sponte, so we will resolve appellant's quantum meruit and promissory estoppel claims under the same rationale that applies to her breach of contract claim. *See Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex. 1990).

4

We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010), *cert. denied*, 131 S. Ct. 1017 (2011); *see* Tex. R. Civ. P. 166a(b), (c); *see also Tarrant Cnty. Hosp. Dist. v. GE Automation Servs., Inc.*, 156 S.W.3d 885, 888 (Tex. App.—Fort Worth 2005, no pet.) (describing the assertion of a statute of limitations as an affirmative defense). To accomplish this, the defendant-movant must present summary judgment evidence that conclusively establishes each element of the affirmative defense. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008).

We construe the document that appellee signed in 1998 as a nonnegotiable promissory note.[5] *See Edlund v. Bounds*, 842 S.W.2d 719, 724 (Tex. App.—Dallas 1992, writ denied) (op. on reh'g) ("In short, a note is a written unconditional promise to pay another a certain sum of money . . . ."); *Sibley v. Cont'l Supply Co.*, 290 S.W. 769, 771 (Tex. Civ. App.—Fort Worth 1926)

---

[5]The note is not negotiable because it is not payable to bearer or to order. *See* Tex. Bus. & Com. Code Ann. § 3.104(a)(1) (West Supp. 2010), § 3.109 (West 2002); *Mauricio v. Mendez*, 723 S.W.2d 296, 298 (Tex. App.—San Antonio 1987, no writ). Thus, the statutes of limitations to enforce negotiable notes do not apply in this case. *See* Tex. Bus. & Com. Code Ann. § 3.118 (West 2002); *McStay v. Heady Fin. Corp.*, No. 11-02-00014-CV, 2003 WL 21710534, at *2 (Tex. App.—Eastland July 24, 2003, no pet.) (mem. op.).

(explaining that a note is a written promise to pay a certain some of money at a future time), *writ denied*, 116 Tex. 402, 292 S.W. 155 (1927); *see also* Black's Law Dictionary 1162 (9th ed. 2009) (defining "note" as a "written promise by one party . . . to pay money to another party").[6]  A person must bring suit to collect a debt not later than four years after the cause of action accrues.  Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(3) (West 2002); *see also Sheffield Capital Corp. v. Konen*, No. A14-94-00157-CV, 1995 WL 128250, at *1 (Tex. App.—Houston [14th Dist.] Mar. 23, 1995, no writ) (relying on section 16.004(a)(3) to explain that "the applicable statute of limitations for bringing suit on a note is four years").

Appellant emphasizes that appellee's note "did not have a payable on demand clause."  But if no time for payment of a debt is stated in a note, it is a demand note.  *Martin v. Ford*, 853 S.W.2d 680, 682 (Tex. App.—Texarkana 1993, writ denied); *McCraine v. Manz*, 730 S.W.2d 366, 367 (Tex. App.—Dallas 1987, no writ); *see also Salinas v. Wright*, 11 Tex. 572, 575 (1854) ("The plaintiff declared as upon a promissory note, which did not specify any day of payment. The legal import of such a note is that it is payable on demand[.]").  The note in this case does not specify a date for repayment, and therefore, we conclude that it is a demand note.

---

[6]An unqualified acknowledgment of an existing debt implies a promise to pay it.  *Starr v. Ferguson*, 140 Tex. 80, 83, 166 S.W.2d 130, 131 (1942); *Mercantile Nat'l Bank at Dallas v. Acoustics, Inc.*, 589 S.W.2d 773, 776 (Tex. Civ. App.—Eastland 1979, no writ); *see also* Tex. Bus. & Com. Code Ann. § 3.103(a)(12) (West Supp. 2010) (defining "promise" as a written undertaking to pay money signed by the person undertaking to pay).

Generally, the statute of limitations begins to run on a demand note when the note is executed. *Martin*, 853 S.W.2d at 682; *McCraine*, 730 S.W.2d at 367; *Andrews v. Cohen*, 664 S.W.2d 826, 829 (Tex. App.—Tyler 1984, writ ref'd n.r.e.); *see G & R Inv. v. Nance*, 683 S.W.2d 727, 728 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).[7] Appellant asserts that appellee executed the note in January 1998, so under the authority cited above, to comply with the statute of limitations, appellant would normally be required to file suit on the note by January 2002. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(3).

Appellant argues, however, that appellee's oral acknowledgements of his debt and his requests for extensions of the time for repayment, occurring between 1998 and 2005, extended the statute of limitations until appellee repudiated the note by telling appellant that he would not pay it. Appellant contends, therefore, that there are "fact issues regarding reviving the agreement, extensions agreed to in the performance of the agreement and final deadline for

_____

[7]The court in *Nance* stated, "When demand is a condition precedent to suit on a note, the statute of limitations begins to run on the date of demand." 683 S.W.2d at 728; *see Martin*, 853 S.W.2d at 682 ("If . . . a demand is an integral part of a cause of action, or a condition precedent to the right to sue, limitations does not begin to run until a demand is made, unless demand is waived or is unreasonably delayed."). Appellant does not argue that the trial court's judgment should be reversed because her demand for payment was a condition precedent to her ability to collect money or sue on appellee's note, and the record does not establish such a fact. Instead, appellant's affidavit states that she and appellee "agreed that [appellee] would return the money to me when he had the money to do it." At any rate, because appellant's affidavit states that she granted four to five extensions on repayment between 1998 and 2002, it is apparent that appellant first demanded that appellee repay the money well before four years from the date she sued appellee in 2009.

7

performance." She asserts that each extension took her action out of the operation of the statute of limitations.

In 1931, the commission of appeals outlined the effect of oral agreements extending the repayment of debt on the statute of limitations:

> Where the parties to a promissory note, which is past due but is unbarred by limitation, and which by its terms bears interest until paid, mutually agree to an extension of the time of payment of the note to a future date, a new contract, based upon a new consideration deemed valuable in law, arises between the parties. By such an agreement, each of the parties becomes obligated to the other in respects not comprehended by the contract arising from the note. The payee impliedly promises to surrender his present right to demand immediate payment of the indebtedness represented by the note, and to forego suit during the extension period; the payor impliedly promises to pay said indebtedness on the new maturity date, together with interest up to that date, in any event, at the rate provided in the note. Each of these new promises constitutes the consideration for the other, and a binding contract, embodying the terms of the note, as modified by the new agreement, results. In such a case we understand the rule to be that, despite the fact that said agreement is oral, the existing right of action, which accrued to the creditor under the note, is relinquished, and that another right of action for the debt does not accrue to him until the new promise of the debtor to pay is breached. Limitation does not commence to run against an action to enforce the debtor's new promise to pay, until the time for performance of the new promise arrives.

*McNeill v. Simpson*, 39 S.W.2d 835, 835–36 (Tex. Comm'n App. 1931, holding approved) (citation omitted). Thus, a statute of limitations may, in some circumstances, be based on the breach of a later oral agreement to pay a note rather than the earlier date that the note was issued. *See McElwee v. Estate of Joham*, 15 S.W.3d 557, 559–60 (Tex. App.—Waco 2000, no pet.). But various courts, including our own, have emphasized that for an oral extension of time for

8

payment of a note to be binding, it must be supported by consideration, and the extension must be to a time certain in which the holder of the note gives up the right to sue. *See Thompson v. First Austin Co.*, 572 S.W.2d 80, 82 (Tex. Civ. App.—Fort Worth 1978, writ ref'd n.r.e.) ("Agreement to pay what is already owed is no consideration to extend time for payment of note . . . ."); *Maceo v. Doig*, 558 S.W.2d 117, 119–20 (Tex. Civ. App.—Austin 1977, writ ref'd n.r.e.); *see also Austin Real-Estate & Abstract Co. v. Bahn*, 87 Tex. 582, 584, 30 S.W. 430, 430 (1895) (op. on reh'g) ("The promise of the debtor to forego his right to pay at any time after the note was originally due secured to the creditor the absolute right to secure the interest for the entire time of the extension, and constituted the consideration for the creditor's promise."); *Voelker v. Hera*, 616 S.W.2d 647, 648 (Tex. Civ. App.—Texarkana 1981, no writ) (explaining that for there to be a binding oral extension of the time for the payment of a note, it must be shown that (1) the maker binds himself not to make payment before a new due date, (2) the extension must be for a certain length of time, and (3) there must be valid consideration, such as the creditor's ability to earn a set amount of interest during the extension). In other words, as explained many years ago,

> In case of a debt, which bears interest either by convention or by operation of law, when an *extension for a definite period is agreed upon by the parties thereto*, the contract is that the creditor will forbear suit during the time of the extension, and the debtor foregoes his right to pay the debt before the end of that time. The latter secures the benefit of the forbearance; the former secures an interest bearing investment for a definite period of time. *One gives up his right to sue for a period, in consideration of a promise to pay interest during the whole of the time*; the other relinquishes his right

9

> to pay during the same period, in consideration of the promise of forbearance.

*Benson v. Phipps*, 87 Tex. 578, 580, 29 S.W. 1061, 1061 (1895) (emphasis added).

According to the affidavits that appellant filed, the agreements between appellant and appellee between 1998 and 2004 only indefinitely extended appellee's time to pay the note. Appellant's affidavit recites,

> Between 1998 through 2002, [appellee's] business grew and prospered. About 4 or 5 times during that time period, I agreed, at his request, to extend the agreement for his repayment. Each time I asked when he would have the money, he'[d] say[,] "Trust me, you don't have to worry[.]" Because he was my brother-in-law, I trusted him.
>
> . . . Each time [appellee] asked for an extension he admitted he owed the amount and would have the money soon to repay the amount.
>
> . . . Each time, [appellee] acknowledged the justness of the debt and requested extensions on the repayment. *Stating to me that he would pay it back as soon as he had money to do it.* [Emphasis added.]

Thus, under the authority cited above, we cannot agree with appellant that the oral extensions in this case qualified as contracts that changed accrual of the statute of limitations from January 1998 to another date.[8] *See First State Bank of*

---

[8]Moreover, there is no express indication in the record that appellant and appellee agreed that interest would continue to accrue during the indefinite extensions. In her petition, appellant pled for damages of $126,000; although she pled for prejudgment and postjudgment interest, she did not expressly plead for interest on the principal of the note. We also note that according to the civil practice and remedies code, an "acknowledgment of the justness of a claim that appears to be barred by limitations is not admissible in evidence to defeat the law

*Eustace v. Bowman*, 203 S.W. 75, 76 (Tex. Civ. App.—Texarkana 1918, no writ) (explaining that to have the effect of postponing a statute of limitations, an oral agreement regarding a note must be based upon a new consideration, and "must be something more than a gratuitous indulgence on the part of the creditor which adds nothing to the burden of the original obligation of the debtor").

Because the facts of this case require application of a four-year statute of limitations that began to run when appellee allegedly signed the note in 1998, we conclude that the trial court did not err by holding that appellant's suit, which she filed in 2009, was barred by the statute of limitations.[9]  *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(3); *Martin*, 853 S.W.2d at 682; *McCraine*, 730 S.W.2d at 367.  We conclude that appellee conclusively established the statute of

---

of limitations if made after the time that the claim is due unless the acknowledgment is in writing and is signed by the party to be charged."  Tex. Civ. Prac. & Rem. Code Ann. § 16.065 (West 2008).

[9]We acknowledge that estoppel might, in some circumstances, be used to avoid a statute of limitations affirmative defense.  *See Manzell v. Hightower*, 159 S.W.2d 552, 554 (Tex. Civ. App.—Texarkana 1942, no writ) (holding that estoppel precluded the maker of a note from relying on a statute of limitations). But appellant did not plead estoppel.  *See Simmons v. Compania Financiera Libano, S.A.*, 830 S.W.2d 789, 792 (Tex. App.—Houston [1st Dist.] 1992, writ denied) (stating that if a plaintiff desires to rely on an affirmative matter in avoidance of a defense pled in the defendant's answer, he must allege it in a supplemental petition, unless it is already put in issue by the petition); *LoBue v. United Servs. Planning Ass'n*, 467 S.W.2d 574, 576 (Tex. Civ. App.—Fort Worth 1971, writ dism'd).  Moreover, appellant has not expressly relied on estoppel in the trial court or on appeal to avoid appellee's statute of limitations affirmative defense.  Thus, we conclude that we need not address whether estoppel could have prevented appellee's assertion of his defense.  *See San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 210 (Tex. 1990).

11

limitations affirmative defense, and we therefore overrule appellant's only issue. *See Fernandez*, 315 S.W.3d at 508–09.

## Conclusion

Having overruled appellant's sole issue, we affirm the trial court's judgment.


TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DELIVERED:  August 31, 2011