**Affirmed and Memorandum Opinion filed August 3, 2017.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-16-00801-CV

---

## MATTHEW D. WIGGINS, JR., Appellant

### V.

## CHRISTOPHER J. JANOUSEK AND MADELEINE M. GRIFFIN, Appellees

---

**On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2015-02155**

---

## MEMORANDUM OPINION

Appellant Matthew D. Wiggins, Jr., filed suit against appellees Christopher J. Janousek and Madeleine M. Griffin to collect on a promissory note that matured in April 2010. Wiggins filed two traditional motions for summary judgment, which were denied. Janousek and Griffin filed a traditional motion for summary judgment, which was granted on the basis that Wiggins's claims were time-barred. Wiggins presents two issues. First, Wiggins argues that the trial court erred by granting the

summary-judgment motion filed by Janousek and Griffin. Next, Wiggins argues that the trial court erred by denying his first summary-judgment motion. This case turns on whether the note is a negotiable instrument. If the note is non-negotiable, then it is subject to a four-year statute of limitations and Wiggins's claim is time-barred. If the note is negotiable, then it is subject to a six-year statute of limitations and the claim is not time-barred. We find the note non-negotiable. Accordingly, we affirm the trial court's order granting summary judgment.

## BACKGROUND

The relevant facts are not in dispute. Wiggins filed his original petition against Janousek and Griffin on January 14, 2015, to collect on a promissory note. Wiggins alleged that the note matured on April 1, 2010. The note states, in part:

> FOR VALUE RECEIVED, the undersigned hereby jointly and severally promise to pay to the order of Matthew D. Wiggins the sum of Fifty-Five Thousand Dollars ($55,000) together with interest thereon at the rate of ten percent (10%) per annum on the unpaid balance. Said sum shall be paid in the manner following: . . . .

Immediately following this typed sentence, in handwritten terms, the note states:

> Interest accrues only after cash advance date.
> Interest only payable on the 1st day of month.
> No pre-payment penalty.
> Total amount due on 4/1/10.

The note next states, in typed sentences:

> All payments shall be first applied to interest and the balance to principal. All prepayments shall be applied in reverse order of maturity. This note may be prepaid, at any time, in whole or part, without penalty.

Janousek and Griffin filed an answer making a general denial and alleging the affirmative defense of a four-year statute of limitations. Wiggins subsequently filed

2

a traditional motion for summary judgment outlining the elements necessary to recover on a promissory note. The trial court denied the motion, stating:

> Although the Defendants have filed only a request for continuance and not a response to the Motion, it appears from the Motion, the summary judgment evidence, and Defendants' Answer that the Plaintiff's claim is barred by limitations. The Court is unwilling to grant the Motion under these circumstances.

Wiggins moved for traditional summary judgment for a second time on May 20, 2016, alleging the same grounds and addressing the statute-of-limitations issue.

Janousek and Griffin filed a traditional motion for summary judgment on June 6, 2016. The Janousek/Griffin motion for summary judgment alleged that the four-year statute of limitations barred Wiggins's claims. Janousek and Griffin argued that the four-year limitations period applied because the note was non-negotiable. The trial court granted the Janousek/Griffin motion for summary judgment on June 28, 2016. Wiggins moved for a new trial, which the trial court denied in an order dated September 12, 2016. Wiggins timely appealed.

## ANALYSIS

In his first issue, Wiggins argues the trial court erred in holding that the four-year statute of limitations barred his claim. Wiggins agrees that his claim accrued on April 1, 2010, when the note was not paid at maturity. *See G & R Inv. v. Nance*, 683 S.W.2d 727, 728 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

Janousek and Griffin assert that the note contemplates future advances and allows partial prepayments without penalty. They argue these factors render the note non-negotiable. In support of their contention, Janousek and Griffin chiefly rely on two Texas cases in which the notes' principals were not for a fixed amount (also referred to as a "sum certain") as required to satisfy negotiability. *See Bank of*

3

*America, N.A. v. Alta Logistics, Inc.*, 2015 WL 505373, at \*3 (Tex. App.—Dallas 2015, no pet.); *Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz*, 99 S.W.3d 349, 357 (Tex. App.—Fort Worth 2003, no pet.). We discuss these cases in turn.

### A. Standard of review

We review a summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). To prevail on a traditional motion for summary judgment, a movant must establish "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tex. R. Civ. P. 166a(c).

When both parties move for summary judgment, each party bears the burden of establishing it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). When the trial court grants one motion and denies the other, we review the summary-judgment evidence presented by both parties and determine all questions presented. *Id.* We render the judgment the trial court should have rendered or reverse and remand if neither party has met its summary-judgment burden. *Id.*

A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *See* Tex. R. Civ. P. 94; *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). The defendant/movant must prove when the claim accrued and, if the plaintiff pleads the discovery rule, then the defendant/movant must conclusively negate it. *See KPMG Peat Marwick*, 988 S.W.2d at 748.[1] If the defendant/movant establishes that the statute of limitations bars the action, then the burden shifts and

---

[1] Wiggins has not pleaded the discovery rule.

4

the plaintiff/nonmovant must adduce summary-judgment proof raising a fact issue in avoidance of the statute of limitations. *Id.*

## B. The "sum certain" requirement for negotiability

To resolve the parties' arguments about the appropriate statute of limitations, we must first determine whether the note is a negotiable instrument. This is a question of law. *Guniganti v. Kalvakuntla*, 346 S.W.3d 242, 248 (Tex. App.—Houston [14th Dist.] 2011, no pet.). If a claim is based on a negotiable instrument, the six-year statute of limitations in section 3.118 controls rather than the four-year statute of limitations in section 16.004(3) for debt. *Educap, Inc. v. Sanchez*, 2013 WL 3243390, at *3 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (mem. op.); *see* Tex. Bus. & Com Code Ann. § 3.118 (West 2002) (providing statute of limitations to sue on negotiable instruments is six years); Tex. Civ. Prac. & Rem. Code Ann. § 16.004(3) (West 2002) (providing statute of limitations to sue on a debt is four years).

A negotiable instrument is "an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order" upon demand or at a definite time, and is payable to order or to bearer. Tex. Bus. & Com. Code Ann. § 3.104(a) (West 2002). The sum certain requirement is designed to provide commercial certainty in the transfer of negotiable instruments and to make negotiable instruments the functional equivalent of money. *Amberboy v. Societe de Banque Privee*, 831 S.W.2d 793, 797 (Tex. 1992). This requirement is not satisfied if "one cannot determine from the face of [the] note the extent of the maker's liability." *FFP Marketing Co. v. Long Lane Master Trust, IV*, 169 S.W.3d 402, 408 (Tex. App.—Fort Worth 2005, no pet.).

The sum-certain requirement applies only to the note's principal. Tex. Bus. & Com. Code Ann. § 3.112 cmt. 1 (West 2002); *Burns v. Resolution Trust Corp.*, 880

S.W.2d 149, 153 (Tex. App.—Houston [14th Dist.] 1994, no writ). Several courts have held notes are non-negotiable because they represent a revolving line-of-credit agreement, wherein the amount advanced to borrower affects the principal amount due, and the principal is not readily determinable on the face of the note. *See, e.g.*, *Resolution Trust Corp. v. Oaks Apartments Joint Venture*, 966 F.2d 995, 1001 (5th Cir. 1992) (holding note non-negotiable because principal amount due was "the sum of [$2,000,000] or so much thereof as may be advanced"); *Alta Logistics*, 2015 WL 505373 at *2 (finding note non-negotiable because it contemplated multiple advances, revolving line of credit, and language that principle amount was a specific sum *or* "so much as may be outstanding"); *Diversified Fin. Sys.*, 99 S.W.3d at 357 (note contemplating multiple advances and revolving line of credit non-negotiable); *NAB Asset Venture III, L.P. v. John O'Brien & Assoc.*, No. 05-96-01453-CV, 1999 WL 88776, at *1, *5 (Tex. App.—Dallas Feb. 23, 1999, pet. denied)  (mem. op.) (same).

In *Diversified Financial Systems*, the note at issue represented a revolving line of credit. 99 S.W.3d at 354. The *Diversified Financial Systems* court held:

> The note between Hill Gilstrap and Commonwealth explicitly provides that multiple advances are contemplated by the parties and that Hill Gilstrap will be entitled to additional credit up to the maximum amount of the note once payments have been applied against the outstanding balance of the note. The note states that Hill Gilstrap promises to pay $50,000 to Commonwealth, but that it also states that at the signing of the note the Firm has only received a principal advance of $13,000. Accordingly, the note is not for a fixed amount of money and is not a negotiable instrument.

*Id.* at 357.

In *Alta Logistics*, the Dallas Court of Appeals held that a note was non-negotiable because the amount due on the note at any given time was not readily

determinable. 2015 WL 505373 at *2. The note represented "a revolving line-of-credit, the borrower may prepay all or any portion of the amount due without incurring any prepayment penalty, the Note states the amount due is $125,000 'or so much as may be outstanding,' and the unpaid principal balance may not be determinable without reference to BOA's internal records[.]" *Id.*

The note in this case is unclear as to whether there is only one cash-advance date. If the entire amount of $55,000 was already advanced at the time of the note, then it would seem unnecessary to include a sentence about interest accruing only after the cash advance. Additionally, the note does not represent a revolving line of credit agreement. In these respects, the note differs from the notes in *Alta Logistics* and *Diversified Financial Systems*. *See id.*; *Diversified Fin. Sys.*, 99 S.W.3d at 357. Further, the note does not state that the principal balance due depends on the amount advanced. *See Resolution Trust Corp.*, 966 F.2d at 1001.

The date of the cash advance cannot be readily determined. Nor can the amount of interest because it accrues on the unknown cash-advance date. The note permits partial prepayments that shall be applied first to interest and then to principal. To determine the amount due, a purchaser of the note would have to know how much money was applied first to interest and then to principal, and if any other partial prepayments have been made. Because the note lacks such information, a purchaser of the note must look beyond the note, to items such as receipts to ascertain the amount of principal Janousek and Griffin owed at any given time. *See Alta Logistics*, 2015 WL 505373 at *2 (note non-negotiable because amount due at any given time not readily determinable and required reference to internal business records); *FFP Mktg.*, 169 S.W.3d at 408 (sum certain requirement not satisfied if face of note does not reflect extent of maker's liability). The note is non-negotiable. The four-year statute of limitations applies to Wiggins's claims.

Janousek and Griffin have conclusively established their affirmative defense of limitations. Wiggins filed suit on his claims more than four years after they accrued, and accordingly, they are time-barred. We overrule Wiggins's first and second issues.[2]

## CONCLUSION

We affirm the trial court's order granting final summary judgment.


/s/    Marc W. Brown
        Justice


Panel consists of Justices Christopher, Brown, and Wise.

---

[2] We need not discuss Wiggins's second issue regarding the trial court's denial of his summary-judgment motion because we already have determined that his claims on the note are time-barred. *See* Tex. R. App. P. 47.1.